THE JAMES LAW FIRM
445 HAMILTON AVENUE
SUITE 1102
WHITE PLAINS, NY 10601

JACQUELINE M. JAMES, ESQ.
T: (914) 358 6423
F: (914) 358 6424

JJAMESLAW@OPTONLINE.NET
JACQUELINEJAMESLAW.COM

Application **GRANTED**.  Information in the amended complaint identifying Defendant will provisionally remain under seal.  The same approach shall be taken for any other filings made going forward.  Within **30 days** of Defendant being served, Defendant may move to seal permanently the identifying information and to proceed anonymously by demonstrating that any privacy interest outweighs the public right of access to the information.  Should Defendant not move to seal, the un-redacted materials will be unsealed.

November 19, 2024
Hon. Judge Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Dated: November 21, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

*Re:  1:24-cv-02502-LGS; Strike 3 Holding, LLC v. JOHN DOE subscriber assigned IP address 66.65.32.20 // Plaintiff's Renewed Letter Motion for Leave to File Unredacted Versions of its First Amended Complaint, Proposed Summons, and Return of Service Under Seal*

Dear Judge Schofield:

The James Law Firm, PLLC represents Plaintiff in the above-captioned matter.  Plaintiff respectfully requests an order allowing Plaintiff leave to file unredacted versions of its First Amended Complaint, proposed summons, and return of service under seal.

Plaintiff is the owner of award-winning, critically acclaimed adult motion pictures. Strike 3's motion pictures are distributed through the *Blacked*, *Tushy*, *Vixen*, *Tushy Raw*, *Blacked Raw*, *MILFY*, and *Slayed* adult websites and DVDs. Plaintiff recorded a number of infringing transactions emanating from IP address 66.65.32.20 within the BitTorrent network.

On April 15, 2024, this Court permitted Plaintiff to serve a subpoena on the Internet Service Provider ("ISP"), Spectrum ("ISP"), to discover the identity of the subscriber assigned the IP address 66.65.32.20, the IP address used to download and distribute Plaintiff's works via the BitTorrent network. Of note, at that time the Court noted "substantive concerns related to Defendant's privacy given both the nature of the copyrighted material at issue and the risk of a false identification." D.E. 11 (citing *Strike 3 Holdings, LLC v. Doe,* No. 23-5436, 2023 WL 4684207, at *2 (S.D.N.Y. July 21, 2023)). This order also "ORDERED that Defendant may proceed anonymously as John Doe unless and until the Court orders otherwise."  *Id.*

After receiving the subpoena response, Plaintiff conducted a further investigation. Based on the investigation of the subscriber and publicly available resources, Plaintiff identified the subscriber as the true infringer/Defendant.  Plaintiff has now filed its First Amended Complaint against Defendant before this Court.  *See Cobbler Nevada, LLC v. Gonzalez*, 901 F.3d 1142 (9th Cir. 2018); *see Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1211–12 (D.C. Cir. 2020).  Plaintiff now intends to amend its pleadings to (1) replace the John Doe party (subject to the Court's protective order), *see Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013), and (2) allege additional evidence that identifies Defendant as the infringer. *See generally Strike 3 Holdings, LLC v. Vokoun*, No. 20-14321, 2022 WL 310201, at *3 (D.N.J. Feb. 2, 2022).

Although Plaintiff is aware of Defendant's identity, Plaintiff is sensitive to Defendant's privacy concerns and therefore, it opted to file this suit against Defendant pseudonymously within the caption of the case. Although the caption does not contain Defendant's personal identifying information, the body of the First Amended Complaint contains such information. This information is central to Plaintiff's claim and includes the Defendant's name, address, and additional factual information which directly links the Defendant to the infringement in this case.

Plaintiff respectfully submits that a further order – allowing Plaintiff to file documents identifying Defendant under seal on a provisional basis – is appropriate to facilitate compliance with the Court's existing and prior order. *See* D.E. 11.

Plaintiff notes that courts have taken divergent views on whether to allow claims in these matters to be defended under a pseudonym (and seal documents from public access). Some courts have allowed this relief based on Plaintiff's interest in not being (wrongfully) accused of engaging in coercive settlement practices.[1] However, other courts have found this interest to be insufficient,[2] and some have even questioned whether Plaintiff's interest is to improperly "shroud" enforcement of its copyrights in secrecy.[3] Finally, some courts have adopted a middle approach, permitting this relief on a provisional basis so that the Defendant may be made a party and given an opportunity to be heard on his or her privacy interest,[4] before deciding whether to permit the relief the continue on a more permanent basis.[5]

---

[1] *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 22-1955 (E.D.N.Y. Dec. 3, 2022) (Levy, J.); *Strike 3 Holdings, LLC v. Doe*, 21-20538, D.E. 21 (D.N.J. July 21, 2022) (Espinosa, J.); *Strike 3 Holdings, LLC v. Doe*, No. 21-792 (E.D.N.Y. Aug. 27, 2021) (Levy, J.).

[2] *See, e.g.*, *Strike 3 Holdings, LLC v. Aumiller*, No. 22-1919, 2023 WL 3749969 (D.N.J. June 1, 2023); *Strike 3 Holdings, LLC v. Doe*, No. 22-307, 2023 WL 113564 (M.D. Fla. Jan. 5, 2023); *Strike 3 Holdings, LLC v. Doe*, No. 22-2641, D.E. 8 (E.D. Pa. Sept. 28, 2022) (Wolson, J.); *Strike 3 Holdings, LLC v. Cacciapaglia*, No. 22-3965 (E.D.N.Y. Sept. 27, 2022) (Cogan, J.); *Strike 3 Holdings, LLC v. Doe*, 21-2412 (E.D.N.Y. Dec. 8, 2021) (Bulsara, J.); *Strike 3 Holdings, LLC v. Doe*, No. 20-114321, 2021 WL 7286225 (D.N.J. Dec. 22, 2021), *default judgment entered sub nom.*, 2022 WL 310201 (D.N.J. Feb. 2, 2022).

[3] *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, 637 F. Supp. 3d 187, 200 (D.N.J. 2022); *Strike 3 Holdings, LLC v. Doe,* No. 21-17860, 2022 WL 2274473, at *3 (D.N.J. June 23, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 21-269, D.E. 13 at *5 (S.D.N.Y. May 30, 2021) (Vyskocil, J.); *see also Strike 3 Holdings, LLC v. English*, No. 21-15651, 2022 WL 17991144 (D.N.J. Dec. 29, 2022); *Strike 3 Holdings, LLC v. DeFina*, No. 21-15681, 2022 WL 16744122 (D.N.J. Nov. 7, 2022).

[4] *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).

[5] *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 23-2996 (E.D.N.Y. Feb. 1, 2024 and June 28, 2024); *Strike 3 Holdings, LLC v. Doe*, No. 24-648, D.E. 20 (S.D.N.Y. June 20, 2024) (Memo Endorsement); *Strike 3 Holdings, LLC v. Doe*, No. 23-3733, D.E. 16 (N.D. Cal. Dec. 14, 2023); *Strike 3 Holdings, LLC v. Doe*, No. 23-455 (E.D.N.Y. Aug. 4, 2023 and Dec. 12, 2023); *Strike 3 Holdings, LLC v. Doe*, No. 22-7885, D.E. 11 (E.D.N.Y. July 26, 2023); *Strike 3 Holdings, LLC v. Doe*, No. 22-7881 (E.D.N.Y. Apr. 28 and June 2, 2023) (Bloom, J.); *Strike 3 Holdings, LLC v. Doe*, No. 22-482 (E.D.N.Y. Nov. 14, 2022 and Dec. 15, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 22-1138 (E.D.N.Y. Aug. 26, 2022 and Dec. 13, 2022); *Strike 3*

2

It is this middle approach that Plaintiff requests the Court take here. Although the public has a presumptive right of access to "judicial documents," *Newsday LLC v. Cnty of Nassau,* 730 F.3d 156, 163-64 (2d Cir. 2013), like all presumptions, it is rebuttable. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (citing "countervailing factors" and "higher values"). The weight of the presumption is a function of (1) "the role of the material at issue in the exercise of Article III judicial power" and (2) "the resultant value of such information to those monitoring the federal courts," balanced against "competing considerations" such as "the privacy interests of those resisting disclosure." *Id.* at 119–20 (internal quotation marks omitted).

Plaintiff does not seek to permanently seal its entire Amended Complaint (and associated documents), but only those portions that identify Defendant. Permitting these documents to be filed under seal on a provisional basis would allow Defendant to be made a party and be heard on their (presumed) privacy interests before that information is disclosed on the public docket. And to account for concerns that this request is part of any "coercive litigation tactics"—tactics which Plaintiff expressly denies employing, *see* D.E. 10-3 at ¶¶ 33, 38, Plaintiff proposes an order that includes the status quo prohibition that prevents Plaintiff from filing *any* document containing Defendant's name and/or address on the public docket unless expressly authorized by the Cout. *See Strike 3 Holdings, LLC v. Doe*, No. 18-2648, 2019 WL 78987, at *4 (S.D.N.Y. Jan. 2, 2019) (observing that allowing defendant to litigate under a pseudonym would "remove[] much, if not all, of the leverage that a plaintiff would possess to unduly coerce [a defendant] into settlement").

Accordingly, out of respect for this Court and Defendant, Plaintiff respectfully requests entry of an order permitting it to file an unredacted version of its First Amended Complaint, proposed summons, and return of service under seal under seal so that it may include Defendant's name, address, and other factual information central to Plaintiff's claim.  In the event the Court denies this Motion, Plaintiff respectfully requests that the Court alternatively vacate/modify the provision of the April 15, 2024 Order requiring that this matter be litigated in the name of a "'John Doe' defendant," *see* D.E. 11, so that Plaintiff may file its Amended Complaint (and  other documents identifying Defendant) in unredacted form.

By: *Jacqueline M. James*

*Attorneys for Plaintiff*
Jacqueline M. James, Esq. (1845)
The James Law Firm, PLLC
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
T: 914-358-6423

---

*Holdings, LLC v. Doe*, No. 22-398, 2022 WL 16695170 (M.D. Fla. Nov. 3, 2022); *Strike 3*, 2022 WL 14838018 at *8; *Strike 3 Holdings, LLC v. Doe*, No. 21-20543, D.E. 23 (D.N.J. Sept. 30, 2022); *Strike 3 Holdings, LLC v. Doe,* No. 21-5178, 2022 WL 2276352 (E.D. Pa. June 22, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 21-3702, 2022 WL 1214170 (E.D. Pa. Apr. 25, 2022); *Strike 3*, 2021 WL 7286225 at *6.